CANTERO, FERNÁNDEZ & CÍA., INC., FELIPE CAMPOS y P. GALGUERA & CO., S. EN C., demandantes y apelados, *v.* JUAN B. HUYKE, en su carácter de Comisionado de Instrucción de Puerto Rico, demandado y apelante.

No. 4772.—*Sometido:* Junio 19, 1929. *Resuelto:* Junio 23, 1930.

*Attorney General James R. Beverley* y *Ricardo A. Gómez,* abogados del apelante; *L. Toro Cabañas,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Como consecuencia de una solicitud de *injunction* presentada en la Corte de Distrito de San Juan en 22 de octubre de 1926 por varios comerciantes de esta ciudad dedicados al ramo de librería por el cual pagan contribuciones, siendo

parte de su negocio vender libros de texto para los estudiantes, la expresada corte estimó probado que el Departamento de Instrucción vendía a personas particulares, que no podía presumir eran alumnos de ninguna escuela puesto que eran peones de librerías, en cantidades de $100, y que vendía libros a cualquiera persona que se presentara a solicitarlos, y dictó sentencia ordenando a dicho Comisionado que en lo sucesivo se abstuviera de hacer venta o entrega de libros de texto en las escuelas públicas de esta Isla a personas que no sean alumnos de las referidas escuelas.

Esa declaración de hechos probados por la corte sentenciadora no es impugnada en la apelación que ha interpuesto el Comisionado demandado, cuyos únicos motivos para su recurso son: que erró la corte al declarar con lugar el *injunction* sin tener en cuenta las equidades del caso que favorecían al demandado; y al interpretar la Carta Orgánica y las leyes de Puerto Rico en relación con el Comisionado de Instrucción y su autoridad para vender libros a los alumnos de las escuelas.

■ El primer motivo alegado descansa en el supuesto de que los peticionarios apelados se valieron de fraude para que en el Departamento de Instrucción les fueran vendidos libros de texto en las escuelas públicas y en que ese departamento nunca tuvo la intención de vender tales libros a personas particulares. A pesar de esa intención el hecho cierto es que los libros eran vendidos a cualquiera persona que quería comprarlos con sólo pagar su precio, pero aquí no tenemos que resolver nada sobre este extremo porque aceptando la corte inferior las manifestaciones que hicieron los empleados del Departamento de Instrucción sobre esa falta de intención no hizo parte de su sentencia la prohibición de vender a personas particulares como los apelados.

En cuanto al particular de fraude no existe pues los apelados no obtuvieron la compra de libros simulando que fueran alumnos de las escuelas públicas, pues todo lo que hicieron

fué que al tener noticias de que el Departamento de Instruc-
ción vendía libros de texto a cualquiera persona sin más
requisito que pagarlos, uno de ellos, para comprobar ese
informe, mandó a un peón de su establecimiento comercial a
comprar varios tomos de distintos libros de texto en las
escuelas públicas que importaban una crecida cantidad de
dinero y le fueron vendidos sin investigación alguna; y otro
de los apelados hizo lo mismo con igual resultado, con la
diferencia de que cuando le fué dada la orden para que le
fueran entregados los libros en el almacén del departamento
no fué por ellos y retuvo la orden. Esto no es fraude sino
la comprobación del hecho de que tenían noticia por refe-
rencia y que les era necesario comprobar para poder justi-
ficar la certeza de ese hecho.

■ El segundo motivo del recurso plantea la cuestión de
que el Comisionado de Instrucción está autorizado para
vender libros de texto de las escuelas públicas a cualquier
alumno de escuela, aunque no sea pública.

Según el artículo 17 de nuestra Ley Orgánica el Comi-
sionado de Instrucción dirigirá la instrucción pública dentro
de la Isla; preparará todos los cursos de estudios, así como
los reglamentos para la selección de maestros; y desem-
peñara los demás deberes, no incompatibles con dicha ley,
que se le asignaren en ella.

La Ley No. 6 de 9 de noviembre de 1917, página 207 de
las de ese año, dispone que cualquier alumno graduado de
octavo grado de las escuelas públicas de Puerto Rico que
teniendo aptitudes meritorias desee continuar sus estudios en
cualquiera de las escuelas superiores (altas escuelas) públicas
y no pudiere hacerlo por carecer de recursos con que adquirir
los libros de texto necesarios podrá solicitar del Comisionado
de Instrucción que se los provea haciendo constar. varios
requisitos en su solicitud, entre éstos que no dispone del
dinero necesario para comprarlos, y acreditar con certifica-
ción del maestro principal de la escuela en que obtuvo su

diploma de octavo grado que observó buena conducta. Para ese fin consignó $5,000 para esos libros.

La ley de presupuesto para el año económico 1926–27 contiene un apartado que dice así:

*"Libros de texto y material de escuela:* Para compra de libros de texto, enseres y material de escuela, y para flete y seguro de los libros; *Disponiéndose,* que se les facilitarán los libros de texto y enseres gratis a los alumnos matriculados en las escuelas públicas desde el primero hasta el octavo grado, inclusive, y que el Comisionado de Instrucción podrá autorizar la venta de libros de texto a los alumnos según las reglas y reglamentos hechos por él; y *Disponiéndose, además,* que los alumnos de todas las altas escuelas y escuelas de continuación comprarán por su cuenta los libros de texto y enseres, sujetándose a las reglas y reglamentos hechos por el Comisionado de Instrucción, excepción de lo que dispone la 'Ley disponiendo lo necesario para proveer de libros de texto a ciertos alumnos de las altas escuelas de Puerto Rico,' aprobada en 9 de noviembre de 1917, $100,000; para ciertos alumnos de las altas escuelas según se provee por la Ley de 9 de noviembre de 1917, $5,000. *En junto,* $105,000."

Esas leyes demuestran que la Legislatura ha querido que se suministren gratis los libros de texto a los alumnos de las escuelas públicas en el curso elemental que comprende ocho grados y que en las escuelas superiores públicas los libros sean comprados por los alumnos, a menos que no puedan comprarlos. En consecuencia, el Comisionado de Instrucción no está autorizado para vender libros de texto a los alumnos de las escuelas superiores sino en ciertos casos y no lo está para vender libros a los alumnos de las escuelas privadas, sin que tenga tal facultad porque nuestra Carta Orgánica disponga que el Comisionado de Instrucción dirigirá la instrucción pública en esta Isla, porque la facultad de vender libros de texto no está comprendida en la de dirigir la instrucción.

*La sentencia apelada debe ser confirmada.*